UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IRENE CARRASQUILLO, an individual,

    Plaintiff,   CASE NO.:_____

vs.

SINDY DELGADO, individually, and
SINDY DELGADO, d.b.a. PHYSICAL
THERAPY NOW OF NMB,

    Defendant.
_____|

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, IRENE CARRASQUILLO, [hereinafter, "Plaintiff" or " CARRASQUILLO"], by and through hER undersigned attorney, alleges the following against Defendants, SINDY DELGADO, individually and SINDY DELGADO d.b.a. PHYSICAL THERAPY NOW OF NMB, [Hereinafter, "Defendants", or "Employer"], and states, to wit:

## INTRODUCTION/NATURE OF ACTION

2. This is a civil action for money damages brought for violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §201, *et seq.*, ("FLSA"), and for unpaid wages under Florida law (i.e., Fla. Stats. § 448.08 (2016)).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's claims under the FLSA pursuant to 28 U.S.C. § 1331 and 29. U.S.C. § 201, *et seq.*

4. The venue of this Court over this controversy is proper because a substantial portion of the acts and omissions charged herein occurred in Miami-Dade County, which lies in the

Southern District of Florida. Defendants employed Plaintiff within Miami-Dade County and have conducted substantial, continuous, and systematic commercial activities within Miami-Dade County. All of the substantial events giving rise to these claims, including the unlawful employment practices of Defendants, arose in Miami-Dade County, Florida, which lies in the Southern District of Florida. <u>See</u>, 28 U.S.C. § 1391(b).

## PARTIES

5. Plaintiff, IRENE CARRASQUILLO, was an employee of the Defendants, at all relevant times until hER termination on or about February 17, 2020. Moreover, CARRASQUILLO is an individual and a citizen of the State of Florida and the causes of action that are pled herein occurred in Miami-Dade County, Florida. Plaintiff is an "Employee", as defined under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, <u>et seq</u>., ("FLSA").

6. Defendant, SINDY DELGADO, is believed to be a resident of Miami-Dade County and was and is now Owner of PHYSICAL THERAPY NOW OF NMB and controlled Plaintiff's duties, hours, work, and compensation. Accordingly, SINDY DELGADO, individually and SINDY DELGADO d.b.a. PHYSICAL THERAPY NOW OF NMB was and is an "Employer" of the Plaintiff within the meaning of 29 U.S.C. § 203(d).

7. Defendants, PHYSICAL THERAPY NOW OF NMB is fictitious name owned by SINDY DELGADO, with its principal place of business in North Miami Beach, Florida. At all times material, Defendants, as that term is defined under statutes referenced herein, engaged along with it employees in interstate commerce, and has annual gross sale and/or business volume of $500.000.00 or more.

8.  Defendants, SINDY DELGADO, individually, and SINDY DELGADO d.b.a. PHYSICAL THERAPY NOW OF NMB, have control over the terms and conditions of Plaintiff's work, including the overtime violations that occurred and that are alleged to have occurred in this herein complaint. Moreover, the overtime violations that occurred and that are being complained of were by Plaintiff's "Employer", for purposes of the FLSA.

## CONDITIONS PRECEDENT

9.  All conditions precedent have been performed or have occurred, and/or waived by Defendants.

## GENERAL ALLEGATIONS

10. Plaintiff was employed with Defendants during the period commencing July 2018, through and including, to May 15, 2020. Plaintiff was employed by Defendants as an "Office Manager". Defendants terminated Plaintiff's employment on or about May 15, 2020.

11. At all times material Plaintiff was a non-exempt hourly employee.

12. During Plaintiff's employment, Defendants routinely failed to pay Plaintiff for the time that she worked and also for overtime.

13. From the period starting July 2018, through April 2019, Plaintiff was hired at a pay rate of $15.00 per. From April 2019, to June 6, 2019, Plaintiff's hourly rate was $16.00. From June 10, 2019, to February 14,2020, Plaintiff's hourly rate was $17.00. From February 17, 2020, to May 15, 2020, Plaintiff's hourly rate was $20.00. However, Defendants did not pay Plaintiff for her over time worked at the overtime rate.

14. During the period of July 30, 2018, to April 12, 2019, Plaintiff worked 65.40 hours as overtime. Defendants paid Plaintiff straight time without overtime even though Plaintiff was not salary employee. Defendants owe Plaintiff $490.50, for unpaid overtime and liquidated damages

15. During the period of April 15, 2019, to June 07, 2019, Plaintiff worked 20.5 hours in overtime. Defendants paid Plaintiff straight time without overtime even though Plaintiff was not a salary employee. Defendant owes Plaintiff $164.00 for unpaid overtime and liquidated damages.

16. During the period of June 10, 2019 to February 14, 2020, Plaintiff worked 153 in overtime. Defendant paid Plaintiff straight time without overtime. Defendant owes Plaintiff $1,300.50 for unpaid overtime and liquidated damages.

17. During the period of February 17, 2020 to May 15, 2020, Plaintiff worked 15.50 in overtime. Defendant paid Plaintiff straight time without overtime. Defendant owes Plaintiff $155.00 for unpaid overtime and liquidated damages.

18. At all times material, Plaintiff performed his employment duties satisfactorily and was not compensated by Defendant for a total of 254 hours of overtime worked. While Defendants were obligated to pay Plaintiff time and half for each hour she worked overtime, Defendants did not pay Plaintiff which resulted in amount due of approximately $2,110.00 and liquidated damages of $2,110.00 for total of $4,220.00.

19. Defendant has breached the employment agreement by failing and refusing to pay Plaintiff for the times that he worked and/or was entitled to receive.

20. Plaintiff has incurred damages from Defendant's unlawful acts, as he has worked for

which he has not been paid at all.

21. Plaintiff has retained the law firm of James Jean-Francois, P.A., to represent him in this matter and has agreed to pay said firm a reasonable attorney's fee for its services.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS

22. Plaintiff, IRENE CARRASQUILLO, re-alleges and incorporates by reference all allegations contained in paragraphs 1-20, *supra*.

23. Throughout Plaintiff's employment, Defendant repeatedly and willfully violated the FLSA by failing to compensate Plaintiff for the full hours/time that he worked. Plaintiff normally worked five full-day, per week and sometime overtime. However, Plaintiff was instead compensated at her regular hours for all times worked including overtime. Defendants willfully violated the FLSA by failing to pay Plaintiff for every hour/time worked by Plaintiff during the applicable pay period.

24. As a direct and proximate result of Defendants' act and/or omissions, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, IRENE CARRASQUILLO, demands judgment against Defendant, SINDY DELGADO, individually, and SINDY DELGADO d.b.a. PHYSICAL THERAPY NOW OF NMB, for the following:

 A. Unpaid wages found to be due and owing;

 B. An additional equal amount as liquidated damages;

 C. Prejudgment interest in the event liquidated damages are not awarded;

 D. A reasonable attorneys' fees and costs; and

E.    Such other relief this Court deems just and equitable.

## COUNT II
## UNPAID WAGES UNDER FLORIDA LAW

25. Plaintiff, IRENE CARRASQUILLO, re-alleges and incorporates by reference all allegations contained in paragraphs 1-20, *supra*.

26. This is an action brought pursuant to Florida Chapter 448.08 and its amendment for unpaid wages.

27. Defendants employed Plaintiff from July 2018 to May 2020.

28. On or about May 15, 2020, Plaintiff stopped working for Defendants as the Office Manager of Defendants' North Miami Beach location. Plaintiff had performed work for which she has not been paid. Defendants paid Plaintiff for hours throughout her employment with the Defendant at a regular hourly rate, even though on several occasions, Plaintiff worked overtime.

29. However, these partial payments fall far bellow the total amount of outstanding wages owed to Plaintiff if Defendants were to have paid Plaintiff for all of the overtime hours that Plaintiff worked. Upon Plaintiff's information and belief, the amount owed by Defendants is $2,110.00.

30. Plaintiff is entitled to be paid for services she rendered while employed by Defendants.

31. Plaintiff was compelled to employ an attorney to pursue this action and has agreed to pay her attorney a reasonable fee for his services, which Plaintiff is entitled to recover from Defendants pursuant to Fla. Stats. § 448.08 (2016).

**WHEREFORE**, Plaintiff, IRENE CARRASQUILLO, demands judgment against Defendants, SINDY DELGADO, individually, and SINDY DELGADO d.b.a. PHYSICAL

THERAPY NOW OF NMB, for damages, prejudgment interest, together with costs of suit and a reasonable attorney's fees, along with any such other and further relief as the Court may deem proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, CARRASQUILLO, requests a trial by jury on all issues so triable as a matter of right.

Date: September 3rd , 2020.

      James Jean-Francois,  /s/
JAMES JEAN-FRANCOIS, ESQ.
Fla. Bar. No.: 0495115
Law Offices of James Jean-Francois, P.A.
6100 Hollywood Blvd., Ste. 211
Hollywood,  FL   33024
Phone:         (954) 987-8832
Fax:              (954) 987-2622
e-address: (P):  *jamesjeanfrancoisesq@hotmail.com*
          (S): *jjonlaw@hotmail.com*