UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-23680-BLOOM/Louis

IRENE CARRASQUILLO,

    Plaintiff,

v.

SINDY DELGADO, individually, and
SINDY DELGADO, *d/b/a*
PHYSICAL THERAPY NOW OF NMB,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion for Approval of Settlement Agreement [and] for Order for Dismissal with Prejudice, ECF No. [11]. The parties seek the Court's approval of a proposed Settlement Agreement and General Release ("Agreement"), ECF No. [11-1], which includes the award of attorney's fees. The Court has carefully considered the Motion, Agreement, record, and applicable law.

Before a court may approve a settlement agreement, it must scrutinize the agreement to determine whether it is a fair and reasonable resolution of a bona-fide dispute. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982). That is, FLSA rights — including, *inter alia*, the right to coverage as an employee under the statute or the right to liquidated damages equal to unpaid minimum wages, or the unpaid overtime compensation — cannot be abridged by private contract or waiver. *Id*. at 1352; *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307 (11th Cir. 2013) (Generally, "[a] plaintiff cannot waive her right to liquidated damages in a FLSA settlement when there is no genuine dispute about whether she is entitled to them."); *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) ("FLSA provisions are mandatory; the provisions are not subject to negotiation or bargaining between employer and employee.")

Case No. 20-cv-23680-BLOOM/Louis

Here, the Motion states there is a *bona fide* dispute in this matter. *See* Mot. at ¶ 3. Nevertheless, Defendants have "accept[ed] the amount [owed to Plaintiff] as true and valid." *Id.* Defendants agree to a total settlement amount of $7,711.25. *See* Agreement at ¶ 1. Defendants will pay Plaintiff $4,220.00, with one half of that sum consisting of liquidated damages. *See* Mot. at ¶ 5; Agreement at ¶ 1. The remainder of the settlement amount — $3,491.25 — consists of $2,981.25 in attorney's fees and $510.00 in costs. *See* Agreement at ¶ 1.

Upon review of the record and the parties' documented basis for a settlement of the FLSA case, including the award of attorneys' fees to Plaintiff's counsel as the prevailing party, the Court finds that settlement of this action is fair and reasonable[1] and that the requested fee is fair and reasonable and not grossly excessive.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [11]**, is **GRANTED**.
2. The Settlement Agreement and General Release, **ECF No. [11-1]**, is **APPROVED**.
3. The above-styled case is **DISMISSED WITH PREJUDICE**, and all pending motions are **DENIED AS MOOT**.
4. The Court retains jurisdiction to enforce the terms of the Agreement

**DONE AND ORDERED** in Miami, Florida, this 13th day of October, 2020.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

cc:   counsel of record

---

[1] The Court notes the Agreement contains a confidentiality provision. *See* Agreement at ¶ 6. Because the Agreement and this Order have been filed, and will remain, on the public docket, the confidentiality provision is ineffective.